IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 2:99-00214-01

MARK EARL HENDERSON,

        Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Mark Earl Henderson's Motion for Compassionate Release, [ECF No. 270]. The court, in deciding such motions, will consider the following: whether the defendant has exhausted his administrative remedies, has demonstrated "extraordinary and compelling reasons," is not a danger to the safety of others, and the 18 U.S.C. § 3553(a) factors. In deciding what constitutes "extraordinary and compelling reasons" for release by reason of COVID-19, this court has held a defendant must demonstrate that he has a medical condition listed by the Centers for Disease Control and Prevention as causing an increased risk of severe illness from COVID-19 and that he is at a facility which cannot effectively prevent the spread of the virus. Given this standard, the court finds it appropriate to resolve this Motion without further briefing or filings. For the reasons that follow, the Motion is **DENIED without prejudice**.

I. Background

On July 19, 2000, I sentenced Mr. Henderson to 360 months of imprisonment followed by three years of supervised release following his convictions on two counts of conspiracy to distribute a controlled substance, money laundering, and possession of a firearm during and in relation to a drug trafficking offense. [ECF No. 92]. On March 4, 2016, the court modified Mr. Henderson's sentence to 292 months of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). [ECF No. 267]. Mr. Henderson is currently incarcerated at Federal Correctional Institution Ashland ("FCI Ashland") with a projected release date of September 7, 2024. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited August 17, 2020).

Mr. Henderson now petitions the court, arguing that the combination of his health issues, the COVID-19 pandemic, and prison conditions constitute "extraordinary and compelling reasons" for his release. According to Mr. Henderson, he suffers from kidney stones and has a family history of polycystic kidney disease. [ECF. No. 271 at 3]. Despite this family history, Mr. Henderson has not been diagnosed with polycystic kidney disease ("PKD"). *See id.*

II. Discussion

The First Step Act "embodies Congress's intent to reduce the Bureau of Prison's ["BOP"] authority over compassionate release petitions and authorizes the district courts to exercise their independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Galloway*, No. CR RDB-10-0775, 2020 WL 2571172, at *3 (D. Md. May 21, 2020)

(internal citations removed); *see also United States v. Stephenson*, No. 3:05-CR-00511, 2020 WL 2566760, at *5 (S.D. Iowa May 21, 2020) ("Unqualified deference to the BOP no longer makes sense now that the First Step Act has reduced the BOP's role.").

For me to reduce Mr. Henderson's sentence under compassionate release, I must find that Mr. Henderson has exhausted his administrative remedies, has demonstrated "extraordinary and compelling reasons," is not a danger to the safety of others, and find that his release is consistent with § 3553(a) factors. *See e.g., United States v. Howard*, No. 4:15-CR-00018-BR, 2020 WL 2200855, at *2 (E.D.N.C. May 6, 2020); U.S.S.G. § 1B1.13 (2018). He has not satisfied all of those requirements, and I do not reduce his sentence today.

### (a) Exhaustion

> Section 3582(c)(1)(A) provides that:
> … the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier*, may reduce the term of imprisonment…

18 U.S.C. 3582(c)(1)(A) (emphasis added). Prior to the enactment of the First Step Act, only the Director of BOP could file a motion for compassionate release. The First Step Act amended this provision to permit an inmate to file a motion in federal court seeking compassionate release, provided certain circumstances were satisfied. Put plainly, the court may modify a term of imprisonment upon the earliest of one of three events:

1. When the Director of BOP has made a motion;

2. When the defendant has exhausted his or her administrative remedies with BOP and petitioned the court;

3. When 30 days have lapsed from the date of the request to BOP and defendant has petitioned the court.

*Id.*

The language of the statute is clear. There are two ways for a defendant to petition the court for compassionate release. Those two options are alternatives. With the first option, the defendant must fully complete BOP's administrative appeals process. With the second option, "the statute's plain text states only that thirty days must past after the defendant requests compassionate release from the warden. No more, no less." *United States v. Carter*, ---F. Supp.3d----, ---, No. 2:19-CR-00078, 2020 WL 3458598, at *2 (S.D.W. Va. June 25, 2020).

Mr. Henderson avers that he has exhausted his administrative remedies by filing this motion more than thirty days after requesting a sentence reduction from the warden. [ECF No. 271 at 8]. Specifically, Mr. Henderson writes that he requested a reduction of his sentence from the warden at FCI Ashland, but that his request was denied on June 11, 2020. *See id.* Mr. Henderson provided no documentary evidence of his request or the warden's denial. However, even assuming Mr. Henderson has exhausted his administrative remedies, as I will explain, Mr. Henderson has not shown that extraordinary or compelling reasons exist to justify his release.

### (b) Extraordinary and compelling reasons for release

Once an inmate has satisfied administrative exhaustion, a court may reduce his sentence upon a finding of "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A).

There are "disagreements [among district courts] about the precise definition of 'extraordinary and compelling reasons' justifying compassionate release."[1] *United States v. Cotinola*, No. 13-CR-03890-MV, 2020 WL 2526717, at *3 (D.N.M. May 18, 2020). But many courts, including this court, have found "'extraordinary and compelling' reasons 'supporting release on the basis of a combination of dire prison conditions and underlying health conditions that increase the likelihood of severe illness from COVID-19.'"[2] *United States v. White*, No. 2:17-CR-00198-4, 2020 WL 3244122, at *3 (S.D.W. Va. June 12, 2020) (citing *United States v. Bass*, No. 1:10-CR-

---

[1] The specific extraordinary and compelling reasons listed in the Sentencing Guidelines for BOP to consider include i) the defendant is suffering from a terminal or serious medical condition; ii) age of defendant; iii) family circumstances of defendant; and iv) "other reasons." U.S.S.G. § 1B1.13; *United States v. Bass*, No. 1:10-CR-166 (LEK), 2020 WL 2831851, at *3–4 (N.D.N.Y. May 27, 2020). "Following the passage of the First Step Act, courts may independently determine whether such 'other reasons' are present in a given case, without deference to the determination made by BOP." *United States of America v. Thaher*, No. 17 CR. 302-3 (KPF), 2020 WL 3051334, at *4 (S.D.N.Y. June 8, 2020).

[2] "Section 1B1.13 of the United States Sentencing Guidelines contains the only policy statement issued by the Sentencing Commission pertaining to compassionate release," which has not been updated since the passage of the First Step Act. *See Bass*, 2020 WL 2831851, at *3; U.S.S.G. § 1B1.13.2 Thus, courts have taken this to mean that "there does not currently exist, for purposes of satisfying the First Step Act's 'consistency' requirement, an 'applicable policy statement.'" *See e.g., United States v. Redd*, 2020 WL 1248493, at *6 (E.D. Va. Mar. 16, 2020); *United States v. Brant*, No. 218CR20155TGBMKM1, 2020 WL 2850034, at *4 (E.D. Mich. June 2, 2020); *United States v. Brooks*, No. 07-CR-20047-JES-DGB, 2020 WL 2509107, at *3 (C.D. Ill. May

166 (LEK), 2020 WL 2831851, at *7 (N.D.N.Y. May 27, 2020)); *see also United States v. Sawicz*, No. 08-CR-287 (ARR), 2020 WL 1815851, at *2 (E.D.N.Y. Apr. 10, 2020) (finding an "extraordinary and compelling reason" on the basis of the inmate's hypertension and conditions at FCI Danbury); *United States v. Foreman*, No. 19-CR-62, 2020 WL 2315908, at *2–4 (D. Conn. May 11, 2020) (finding an "extraordinary and compelling reason" on the basis of the inmate's hypertension and age of 58, in combination with conditions at FCI Danbury); *United States v. Scparta*, No. 18-CR-578 (AJN), 2020 WL 1910481, at *2, 9 (S.D.N.Y. Apr. 20, 2020) (finding an "extraordinary and compelling reason" on the basis of the inmate's hypertension, age of 55, and conditions at FCI Butner, which had 60 infected inmates); *United States v. Soto*, No. 18-CR-10086, 2020 WL 2104787, at *2 (D. Mass. May 1, 2020) (finding an "extraordinary and compelling reason" on the basis of the inmate's hypertension and the presence of 27 reported inmate cases in his facility); *see also Groups at Higher Risk for Severe Illness*, Ctrs. for Disease Control & Prevention (May 14, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-athigher risk.html). I previously granted compassionate release to a defendant who was immunocompromised—suffering from a liver disease, Hepatitis C. *See White*, 2020 WL 3244122, at *6; s*ee also Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 12, 2020) (listing "immunocompromised state" as an underlying medical condition causing an "increased

15, 2020).

risk for severe illness from COVID-19").

I recently held in *United States v. John Delaney Wilson*, ---F. Supp.3d----, ---, No. 2:18-cr-00295, 2020 WL 4287592 at *2 (S.D.W. Va. July 27, 2020), that I should not find "extraordinary and compelling" reasons exist to grant release because of COVID-19 unless the inmate has a condition that makes him more at risk for developing a serious illness from COVID-19 and the facility where the inmate is housed has conditions such that its inmates are at a high risk of contracting COVID-19. In deciding which conditions result in an inmate being a higher risk for COVID-19, I will defer to CDC's list of medical conditions causing an increased risk of severe illness from COVID-19. See *Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 17, 2020). Using CDC guidance will allow for more predictable standards in deciding which defendants have "extraordinary and compelling" reasons justifying release.

Here, Mr. Henderson has not presented sufficient evidence that he has a condition that makes him at risk for developing serious illness from COVID-19. The CDC does not list kidney stones as an underlying medical condition that presents an increased risk for a person of any age developing a severe illness from COVID-19. See *Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 17, 2020). Though the CDC does list "chronic kidney disease" as a qualifying underlying condition, *see id.*, Mr. Henderson

has failed to demonstrate that he has been diagnosed with PKD, or that CDC classifies PKD as chronic kidney disease.

Because Mr. Henderson has not been diagnosed with a qualifying underlying condition, I do not find extraordinary and compelling reasons justifying his release. Therefore, I need not determine whether the conditions at FCI Ashland are such that BOP cannot effectively prevent the spread of COVID-19, whether Mr. Henderson is a danger to the community, or whether the 18 U.S.C. § 3553(a) factors support a reduced sentence in this case.

### III. Conclusion

The court **DENIES without prejudice** Mr. Henderson's Motion for Compassionate Release, [ECF No. 270]. The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

    ENTER:    August 17, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE